Frances WILLIAMS and Linda Jones, et al., Plaintiffs,

v.

ARKANSAS SOCIAL SERVICES and Dorothy Rappeport, Director, in Her Official Capacity, Defendants.

No. LR–C–82–188.

United States District Court, E.D. Arkansas, W.D.

Dec. 3, 1982.

Marquis E. Jones, Jones & Tiller Law Firm, Little Rock, Ark., for plaintiffs.

Robert Waldrum, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

ROY, District Judge.

This is a 42 U.S.C. § 1983 action asking for a declaratory judgment that plaintiffs' civil rights have been violated, for a preliminary injunction that would require the defendants to immediately release to plaintiffs the child support money collected by the defendants, for the back interest that the defendants have earned on the collections prior to their being passed onto the plaintiffs, for attorney's fees and for certification of a class to which all of the above relief would accrue.

The motion for a preliminary injunction was denied by this Court after reading the briefs of the parties and hearing their testimony at a hearing on the motion held March 19, 1982. Subsequent to the hearing the defendants filed a motion to dismiss and, later, a motion for a summary judgment, neither of which was responded to by the plaintiffs.

Viewing the allegations of the complaint in a light that is most favorable to the plaintiffs, this action cannot survive because it does not state a claim upon which relief can be granted.

The first problem is that the Eleventh Amendment to the United States Constitution forbids a suit by a citizen against a state claiming the retroactive payment of benefits even if wrongfully withheld. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The State of Arkansas has not waived its sovereign immunity and, therefore, has not rendered its consent to this suit in federal court.

However, the Court could grant prospective injunctive relief under the *Edelman* doctrine if the facts were sufficient to justify it. In the case *sub judice* the plaintiffs and all of the members of the class which they seek to represent are the beneficiaries of a joint state and federal program designed to collect child support from absent fathers. The Child Support Enforcement Division of the defendant state agency employs attorneys who obtain judgments against the responsible fathers and then seek to collect from them the support due. Each month the sum is turned over to the mother for the support of their minor children.

This dispute has arisen over the thirty to sixty day delay between the date the money is actually collected from the father and the date it is delivered by Social Services to the mother. During this interim Social Services deposits the collections in an interest bearing checking account while it determines that the fathers' checks are covered by sufficient funds in their bank accounts and verifies that the mother is an eligible recipient. The plaintiffs claim that this delay deprives them of a federal civil right for which they seek redress under § 1983.

At the outset, the Court would note that this is a voluntary program. Each of the plaintiffs asked to be in the program and signed a contract setting forth the responsibilities of the parties. In that contract the plaintiffs agreed to a 45 day delay (see defendants' exhibits D&E from the injunction hearing). Assuming that the delay is sixty days, and there was credible testimony that such a delay was rare and caused by circumstances beyond the control of the defendants, the Court still cannot find a federally protected right that has been violated and upon which a § 1983 action can be based. The Civil Rights Act of 1871 did not create any substantive rights, but merely authorizes a cause of action when rights secured by other federal laws have been infringed. *Miener v. State of Missouri,* 673 F.2d 969 (8th Cir.1982).

The plaintiffs have no property right in the interest earned on the collections since there is no mention of it in their agreement. The Social Service Division contracted to obtain judgments against absent fathers and relay the money to the plaintiffs and that is precisely what it has done. There are no allegations that plaintiffs are treated in any discriminatory manner. It is apparent that if individual plaintiffs want to withdraw from the program and seek the support payments direct from their children's fathers then they are free to do so.

Finally, the Court finds it significant that the interest earned is by law kept in the program to help defray the costs of administering it.

For all of the above reasons,

IT IS CONSIDERED, ORDERED, AND ADJUDGED:

That the defendants' motion to dismiss is granted and the cause is dismissed with prejudice, each party to bear its own costs.